## WOOLVERTON et al. v. REICHEL et al.

### No. 4782.

Court of Civil Appeals of Texas. El Paso.

Jan. 31, 1951.

Ernest Guinn, County Atty., Wm. Collins, Asst. County Atty., El Paso, for appellants.

Andress, Lipscomb & Peticolas, El Paso, for appellees.

SUTTON, Justice.

This is an appeal from an order and judgment of the 65th District Court of El Paso in a consolidated case granting a temporary injunction.

Bernard Reichel, doing business as Reichel Distributing Company, sued W. C. Woolverton individually and as Chief of Police of the City of El Paso, and Joe Campbell individually and as Sheriff of El Paso County, to restrain the destruction of some 124 slot machines and 4 pin ball machines without first obtaining an order from a court of competent jurisdiction to destroy same as contemplated under Art. 637, Vernon's Ann.P.C., and to recover the possession thereof.

Longwell's Transfer Company, a corporation, likewise sued the defendants above named and in the capacities above indicated, to restrain such defendants in the same manner and for the possession of 8 slot machines, 1 dice table, 1 roulette wheel, 1 table and 20 chairs.

Reichel sued as the owner of the property, but Longwell's as a bailee, alleging it had received the property to be packed and shipped to the owner thereof.

The defendants in each of the cases filed identical answers consisting of a motion to dismiss on the ground the petitions show on their faces the suits involve gaming paraphernalia and devices declared to be against public policy and a public nuisance, and an answer to the effect the plaintiffs seek by injunction to prevent the destruction of gaming paraphernalia and devices the existence of which is declared to be against public policy and a public nuisance by reason of which plaintiffs are not entitled to any relief prayed for and the defendants entitled to a judgment denying said injunctive relief.

The Court heard the case on the prayer for injunction only and granted the injunction pending final determination of the cause, restraining the defendants from destroying, damaging or parting with the possession of the property, without first procuring from a court of competent jurisdiction an order authorizing such destruction as is contemplated by Arts. 636, 637 and 638, V.P.C. This appeal is prosecuted from that order.

The defendants brief four points and the plaintiffs four counter points. They each submit them collectively and they each have to do with the single question here presented for our determination, to-wit, "Did the trial court err in granting the writ, thereby denying defendants' motion and answer seeking a dismissal of the suits?" It does not seem to be denied the defendants intended to destroy the property seized and in their possession and described in the petitions. There are issues other than the question posed discussed and argued by each of the parties, the plaintiffs contending it is essential the property either be used or

possessed for gaming purposes before it may be seized and destroyed and that there is an absence of any proof thereof; the defendants saying the proof establishes the character of it and since the existence of it is declared by law to be against public policy and a public nuisance the defendants are not entitled to maintain the suits and they should have been dismissed. None of these matters were determined by the court, nor are we called on to decide them. The Court merely determined the defendants were not authorized to destroy the property without first obtaining a court order to do so. We agree with that conclusion. The defendants rely primarily upon the provisions of Art. 634, Vernon's P.C., but that article does not authorize the destruction of property seized by the defendants. The procedure for the destruction of gaming paraphernalia, devices, etc., is prescribed in Arts. 636, 637 and 638, V.P.C., and 637 requires that a court order be first obtained, and it is held the order must be first had and that a destruction, or threatened destruction may be enjoined. Adams, v. Antonio, Tex.Civ.App., 88 S.W. 2d 503, 505, loc. cit. 506(4) error refused.

The statute and the case just cited is decisive of the only question here presented and the judgment of the trial court is affirmed.